## No. 8060.

UNION BETHEL AFRICAN METHODIST EPISCOPAL CHURCH VS. CIVIL SHERIFF ET AL.

Though the name of the surety is not inserted in the body of an Appeal bond, the fact that such surety has signed the bond under the name of the principal, is sufficient.

A promissory note may be antedated.

A party against whom executory process has issued, cannot enjoin it, on the ground that the property seized does not belong to him.

Damages cannot be allowed in the same decree which dissolves an injunction in cases of executory process. Previous Decisions affirmed.

APPEAL from the Civil District Court for the parish of Orleans. *Rightor*, J

*Joseph P. Hornor, Francis W. Baker* and *Jas. A. Reid* for Defendants and Appellees:

First—A promissory note may be antedated, and will be valid in point of law, there being no statute to the contrary.

Story on Promissory Notes, chap. 1, sec. 48; Bayley on Bills, chap. 3, Sec. 7; Chitty on Bills, chap. 5, p. 169 (8th edition).

Second—The burden of proof is upon the plaintiff, he must make out his case.

Third—The sale of property seized under executory process cannot be enjoined on the ground that it does not belong to the defendant, but to others; it is for the latter to resist the process if they desire to do so. 30 An. 593.

Fourth—Where an appeal is manifestly taken for delay damages should be given for such frivolous appeal. 21 An. 50; 1 Hennen, Appeal, ix, f.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. The motion to dismiss the appeal is on the following grounds, to wit:

1st. That the bond is insufficient in amount for a suspensive appeal.

2d. That there is no security named in the body of the bond.

First. The appeal is taken from a judgment dissolving an injunction with one hundred dollars damages.

The appeal bond is for three hundred dollars, and being an amount for one-half over and above the damages awarded by the judgment and costs, is sufficient in amount.

Second. The bond is signed by the principal and under the name of the principal, is the name of another purporting to be that of the surety. We had occasion to consider this ground of the insufficiency of the bond in the case of Patrick Coyle vs. Succession of Wm. Crevy, where the same alleged irregularity existed, and in the judgment rendered on the rehearing in said case, we held that it was not such an irregularity as would vitiate the bond.

The motion to dismiss is, therefore, denied.

## ON THE MERITS.

The plaintiff is appellant, from a judgment dissolving an injunction taken out against the execution of an order of seizure and sale.

The order in question was granted to enforce the payment of certain promissory notes, signed by John A. Marshall and Geo. W. Bryant, and secured by special mortgage upon the property described in the plaintiff's petition.

The grounds of the injunction are, substantially :

That the plaintiff corporation is not bound on the notes executed by the parties named. That they were executed before the corporation had an existence. That the property mortgaged belonged to the obligors of the notes, and that the corporation had made improvements thereon, of which it was about being deprived, and that the notes had been paid in part, but the proper credits not given.

We find the facts to be :

That the Union Bethel African Methodist Church was organized by an act of incorporation passed before a notary public on the 11th December, 1875.

On the 11th January, 1876, it was resolved by the board of trustees of said church to purchase the property in question, and the parties named, Marshall and Bryant, were authorized to carry out the purchase and sign the notes for the price, and the necessary acts of sale and mortgage.

On the 18th of the same month, a sale of the property mentioned was made by the board of trustees of the Thalia Street Presbyterian Church to the Union Bethel African Methodist Church, and the notes and the act of mortgage securing them, were executed by the persons charged with this duty by the previous resolutions referred to. The notes were stated in the act to be dated on the 1st of December previous, but are paraphed and identified with the mortgage then given ; and these notes were subsequently transferred to Peter R. Middleness, one of the defendants.

The antedating the notes in question in no manner impaired their

validity or affected the liability of plaintiff to pay them. They were not executed, as alleged, before the corporation existed, as stated, but afterwards, as the record shows. "Notes may be antedated or postdated, and in both cases will be valid unless some statute exists to the contrary." Story Promissory Notes, chap. 1, Sec. 48 ; Chitty on Bills, chap. 5, p. 169; Bayley on Bills, chap. 6, section 7, chap. 3, section 7.

They were executed, as we have seen, by the express authority of the plaintiff.

If the plaintiff was not the owner of the property seized, he has no ground to complain. 3 An. 593. He asserts no reason or principle upon which to base a claim for the improvements, nor inform us of their value.

There is no proof of any failure to give due credit for the payments alleged to have been made. The injunction, in fact, seems to have been taken out in entire absence of any just ground of complaint, and would present a case for the infliction of increased damages for the abuse of the remedy ; but we cannot award them as asked for, it being now settled that no damages can be summarily allowed in the same judgment dissolving an injunction against an order of seizure and sale, but the parties must be left to their remedy on the injunction bond. Dejean vs. Hebert, 31 An. 721 ; Cane vs. Cawthorn, 33 An. 954; Thompson vs. Lemelle, 32 An. 932 ; Testart vs. Belot, O. B. 55, p. 241.

And for this reason and by force of this authority, we must even amend the judgment of the lower court allowing damages. Without this amendment, however, the appellee would not be entitled on his motion to damages for a frivolous appeal, he having asked for an amendment of the judgment.

The judgment appealed from is amended by disallowing the damages awarded therein, and as thus amended, is affirmed, defendants to pay costs of appeal.