No. 9905-9924.
Orleans Appeal.

THEODULE ROUSSEAU and ELIZABETH ROUSSEAU, HIS WIFE, v. THE TEXAS & PACIFIC RAILWAY CO. AND THE MISSOURI-PACIFIC RAILROAD CO., Appellants.

(May 11, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 325.
Under Act 112 of 1916, all motions to dismiss appeals because of insufficiency of appeal bond or incapacity of sureties thereon should be first determined in the trial court from which the appeal is taken.

2. Louisiana Digest—Appeal—Par. 325.
An appellate court will only consider such questions on appeal regularly taken from a judgment granting or dismissing such motions, unless by record disclosures, it is shown that appellant, after opportunity given him in the trial court, has failed to supplement the deficiency in amount of bond or to establish the capacity of sureties thereon.

Appeal from 24th Judicial District Court, Parish of St. Charles, Hon. Prentice E. Edrington, Judge.

Judgment for plaintiffs. Defendants appealed.

There was motion by plaintiffs to dismiss the appeal because of alleged insufficiency of the appeal bonds.

Motion to dismiss appeals denied.

Robert J. Perkins, attorney for plaintiff and appellee.

Hudson, Potts and Bernstein, of Monroe, John E. Fleury, Spencer, Gidiere and Phelps, of New Orleans, attorneys for defendant and appellant.

BELL, J. Plaintiffs and appellees herein moved for dismissal of suspensive and devolutive appeals, which have been separately taken by defendants and appellants from a judgment rendered on the 24th day of November, 1924, in the 28th Judicial District Court, said judgment reading as follows:

"JUDGMENT

"This case was argued in chambers, on Tuesday, November 11th, and submitted on briefs to be filed.

"The law and the evidence being in favor of the plaintiffs and against the defendants, and for reasons orally assigned:

"It is ordered, adjudged and decreed that there be judgment in favor of Theodule Rousseau and Elizabeth Rousseau, his wife, and against the Texas and Pacific Railway Company and the Missouri Pacific Railway Company, in solido, in the full sum of $3,000.00 each, with legal interest from judicial demand.

"It is further ordered, adjudged and decreed that the defendants, the Texas and Pacific Company and the Missouri Pacific Railway Company, pay all costs of these proceedings.

"Judgment rendered, read and signed this 24th day of November, Parish of St. Charles, La., 1924.

"(Signed) Prentice E. Edrington,
Judge."

The suspensive appeal taken on the 1st day of December, 1924, from the foregoing judgment, bears the Docket No. 9905 of this court. The devolutive appeal taken on December 17, 1924, bears the Docket No. 9924. On motion and order, the appeals have been consolidated and the case is now before us on appellees' motion to dismiss both appeals upon the grounds that the suspensive appeal bond is insufficient as to amount, and that both appeal bonds, suspensive and devolutive, are irregular and of no effect, because of the incapacity of the sureties thereon. It is further urged as a ground for dismissal that no citation of appeal was made upon appellees.

The objection of want of citation is not well founded, for the reason that the record clearly discloses regular and timely citation of appeal made upon the appellees within the return day fixed for appeal. This particular ground for dismissal of appeal has not been urged at the hearing of these

motions, and the record shows that same is without merit.

It is further shown by the record that similar motions for dismissal of these appeals were made by appellees in the District Court, and were taken in the form of a rule to show cause, rather than by notice, as prescribed by Act 112 of 1916. The trial judge designated a special day upon which the rule to dismiss the appeals should be heard, and the record indicates that the appellants, on the rule day as fixed, appeared and filed supplemental bond as to the suspensive appeal and likewise filed other documents for the purpose of establishing the capacity of the sureties on both bonds.

Act 112 of 1916 clearly indicates the procedure by which the insufficiency or incorrectness of bonds of appeal and other bonds shall be tested. It is plain from this statute that such procedure should in all cases arise in the first instance in the trial court.

The procedure to be observed in conforming with the provisions of Act 112 of 1916, as well as the purposes of this Act, have been clearly set forth in the case of Hurry vs. Hurry, 144 La. 877, 81 South. 378. It was there held, among other rulings made in that case, that unless the appellant has failed, after opportunity given in the manner prescribed by the Act, to supply and correct the errors and deficiencies in an appeal bond, that the appeal should not be dismissed because of such errors or insufficiencies, and it is there implied that no motion to dismiss an appeal on such grounds will be entertained in the appellate court, unless by the record, appellant's default in the respect noted, has been clearly established.

We are of the opinion that motions to dismiss appeals on such grounds as are now raised in the instant case should be first tried and considered in the trial court from which the appeal is taken, and that an appellate court should only consider such questions when same are presented on appeal regularly taken from a judgment granting or dismissing such motions, unless the exception pointed out in the Hurry case is made to appear by record disclosures.

It is to be noted that the appeals now before this Court are only from the judgment above quoted, and do not involve any matter of appeal relating to the ruling of the trial court regarding the motions to dismiss appeals, devolutive and suspensive, which have been taken from the aforesaid judgment.

We are, therefore, of the opinion that the motions to dismiss now presented are improvidently taken, and without considering the merits involved in such motions, they are accordingly denied.