No. 2632

Second Circuit

---

HOLLINGSWORTH v. GLEISSNER

---

(November 6, 1926. Opinion and Decree.)
(February 24, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 325.**

In view of Act No. 112 of 1916, an appeal will not be dismissed for any inaccuracy or error in the appeal bond or for insufficiency of security, where the appellant has not been put in default in the court of original jurisdiction in the manner directed by the statute.
Hurry vs. Hurry, 144 La. 877, 81 South. 378.
Bilich vs. Mathe, 149 La. 484, 89 South. 628.
Rousseau vs. T. & P. Railway Co., 2 La. App. 279.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Miss Lizzie Hollingsworth against H. P. and A. M. Gleissner.

There was judgment for defendants and plaintiff appealed.

Rehearing Refused.

Emmet Alpha, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, attorneys for defendants, appellees.

REYNOLDS, J. This is a motion to dismiss the appeal on the ground that the appeal bond given by the appellant is insufficient in that the only surety on it is one of the two defendants cast in solido in the judgment appealed from.

"Act 112 of 1916 clearly indicates the procedure by which the insufficiency or incorrectness of bonds of appeal and other bonds shall be tested. It is plain from this statute that such procedure should in all cases arise in the first instance in the trial court."

Rousseau vs. Texas & Pac. Ry. Co., 2 La. App. 279.

"It is plain, therefore, that if an appellee or any party in interest has cause to complain of the form or insufficiency of an appeal bond, he should urge his complaint and have it served upon the appellant in the court of original jurisdiction, and allow the appellant the delay of two legal days for correcting the error or deficiency. * * *

"The appellee should have urged his complaint in the District Court, should have had it served upon the appellant, and should have given the latter the opportunity to correct the errors or furnish a new bond within two legal days after service of the complaint. Under the circumstances, and by the terms of Section 9 of Act No. 112 of 1916, the appeal cannot be dismissed on account of the errors or omissions complained of in the motion to dismiss."

Hurry vs. Hurry, 144 La. 877, 81 South. 378.

"According to Section 9 of Act 112 of 1916, an appeal should not be dismissed for any inaccuracy or error in the appeal bond, or for insufficiency of the security, unless the appellant has been put in default in the District Court, in the manner directed by the statute."

Bilich vs. Mathe, 149 La. 484, 89 South. 628.

The motion to dismiss the appeal is overruled.

---

## ON MOTION TO DISMISS APPEAL ON APPLICATION FOR REHEARING

ODOM, J. The appellees moved in this court to dismiss the appeal on the ground that the appeal bond is defective. They made no objection to the appeal bond in the lower court and did not serve notice on the adverse party that there was any objection to the bond and thereby afford appellant an opportunity to substitute a new bond as is provided by Act No. 112 of 1916.

We refused to entertain the motion to dismiss and appellees moved for a rehearing.

On application for rehearing it is urged that there was no bond at all filed by the appellant and that, therefore, there is nothing to correct; that Act No. 112 of 1916 applies only in cases where there is a bond of some kind filed.

Plaintiff sought to enjoin the execution of a judgment on ground which it is not necessary to state here. A temporary restraining order was issued and she executed an injunction bond with James F.

Fisher as surety. On trial the restraining order was recalled and plaintiff and the surety on the bond were condemned in solido to pay the costs and $150.00 damages. She appealed to this court and executed an appeal bond with the said James F. Fisher, who had signed the injunction bond, as surety on the appeal bond.

The appeal bond is made out on a printed blank and is regular in form. It recites that:

"That we, Miss Lizzie L. Hollingsworth, as principal, and James F. Fisher, as surety, are held and firmly bound unto W. M. Levy, Clerk of the First Judicial District Court, Caddo Parish, Louisiana, in the full sum two hundred fifty dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs and legal representatives, firmly and in solido by these presents."

Then follow the date and conditions of the bond.

It is signed:

"Lizzie L. Hollingsworth."
"James F. Fisher."

Fisher is not a competent surety on the bond because he was surety on the injunction bond, and he, together with Miss Hollingsworth, the principal, was condemned to pay costs and damages.

Miss Hollingsworth, the plaintiff, appealed.

Fisher, as well as Miss Hollingsworth, is a party to the appeal.

But it cannot be said that no bond was filed, merely because Fisher, the surety thereon, was not competent.

The bond filed was defective in that the surety is incompetent; but there was a bond filed, and any defect therein was subject to correction upon complaint and notice as is provided in Act 112 of 1916.

In the case of Hurry vs. Hurry, 144 La. 880, 81 South. 378, it was said:

"The purpose of that act (Act No. 112 of 1916) was, and its effect is, to save litigants from any serious consequence of errors or defects in bonds required in judicial proceedings."

A defect in a bond arising from the fact that the surety thereon is incompetent may be corrected in the manner pointed out in the act as well as any other defect.

The Orleans Court of Appeal has placed a similar construction on the act. In the case of Rousseau vs. Texas & Pacific Ry. Co., 2 La. App. 279, there was a motion to dismiss the appeal made in the appellate court on the ground that the bonds "are irregular and of no effect, because of the incapacity of the sureties thereon".

And the court said:

"We are of the opinion that motions to dismiss appeals on such grounds as are now raised in the instant case should be first tried and considered in the trial court from which the appeal is taken."

The defect in the bond in that case was precisely the same as the defect in the bond in the case at bar.

If the appellees were not satisfied with the bond filed they should have urged their objection in the lower court and followed the course prescribed in the act. They did nothing of the kind but raise their objection for the first time in this court and ask that the appeal be dismissed.

The question of the validity or sufficiency of appeal bonds is not a matter of public interest. Act No. 112 of 1916 is broad and sweeping in its terms. It provides for the substitution of sureties, for the filing of new, supplemental and additional bonds, etc. The act should be liberally construed so as to permit an appel-

lant to correct such errors and defects as that which appears in the bond file.l in th.s case.

Rehearing refused.