## DARES v. O'DONNELL. *
### No. 14550.

Court of Appeal of Louisiana. Orleans.
March 27, 1933.

Wm. J. Tonglet and Jerome Meunier, both of New Orleans, for appellant.

Harry McEnerny, Jr., of New Orleans, for appellee.

JANVIER, Judge.

This matter is before us on motion to dismiss the appeal on two grounds:

1. That although both a suspensive and a devolutive appeal were granted, the suspensive appeal being conditioned upon the filing of a statutory bond according to law (see Code Prac. arts. 574, 575) and the devolutive appeal being conditioned upon the filing of a bond in the sum of $300, only one bond in the sum of $300 has been filed.

2. That in the body of the bond no one is named as surety; that in the body of the affidavit of the surety no one is named as surety; and that in the affidavit of the principal no one is named as surety.

Appellant in answer to the motion to dismiss suggests that the reasons urged for the dismissal are purely technical and he, therefore, advises that in accordance with the right which he states is granted him by Act No. 234 of 1932, he has filed a "substituted and amended suspensive appeal bond in order to cure and correct all objections and irregularities or informalities charged or alleged to exist in the original bond."

The judgment appealed from was for $150, and it is evident, therefore, that the bond furnished, to wit, $300, is ample in amount to sustain a suspensive appeal. It is also the exact amount fixed by the judge as necessary for the perfecting of a devolutive appeal and consequently is sufficient for that purpose. Therefore, the objection made to the amount of the bond is not well founded. We may say in passing that it is quite evident that the trial court in fixing the amount of the bond for the devolutive appeal inadvertently inserted in the blank space an amount much greater than was intended,

*For opinion denying rehearing, see 147 So. 710.

because the amount necessary for a devolutive appeal bond should not be greatly in excess of the estimated amount of costs, and here the amount fixed was double the amount of the judgment.

That the name of the surety does not appear in the body of the bond nor in the body of either of the affidavits is not important, since the surety signed the bond itself. This question has been settled in numerous decisions of our Supreme Court.

In the syllabus of Union Bethel African Methodist Episcopal Church v. Civil Sheriff et al., 33 La. Ann. 1461, appears the following:

"Though the name of the surety is not inserted in the body of an Appeal bond, the fact that such surety has signed the bond under the name of the principal, is sufficient."

In State ex rel. Cyrille Babin v. Democratic Parish Executive Committee, 13 Orleans App. 260, this court said:

"The name of 'E. J. Caire' is not in the body of the bond, but he has signed the bond; he has signed it under the principal, not as a principal nor as a witness, and therefore as a surety, because it was an appeal bond where a surety was contemplated, and it must be presumed that he understood he was signing as such."

Furthermore and most important of all, the objections to the bond now urged before us are not shown to have been made in the court below when the bond was filed, and it is well settled that since the enactment of Act No. 112 of 1916, an appeal will not be dismissed for any omission or inaccuracy or error in the appeal bond or for insufficient surety unless the appellant has been put in default and given an opportunity in the court below to make the necessary corrections.

In Hurry v. Hurry, 144 La. 877, 81 So. 378, 379, the Supreme Court said:

"The appellee should have urged his complaint in the district court, should have had it served upon the appellant, and should have given the latter the opportunity to correct the errors or furnish a new bond within two legal days after service of the complaint. Under the circumstances, and by the terms of section 9 of Act No. 112 of 1916, the appeal cannot be dismissed on account of the errors or omissions complained of in the motion to dismiss."

See, also, Bilich v. Mathe, 149 La. 484, 89 So. 628, and Hollingsworth v. Gleissner, 6 La. App. 236, in the last of which the Court of Appeal for the Second Circuit said:

"If the appellees were not satisfied with the bond filed they should have urged their objection in the lower court and followed the course prescribed in the act. They did nothing of the kind but raise their objection for

the first time in this court and ask that the appeal be dismissed.

"The question of the validity or sufficiency of appeal bonds is not a matter of public interest. Act No. 112 of 1916 is broad and sweeping in its terms. It provides for the substitution of sureties, for the filing of new, supplemental and additional bonds, etc. The act should be liberally construed so as to permit an appellant to correct such errors and defects as that which appears in the bond filed in this case."

Since we feel that the bond as furnished is sufficient, particularly in view of the failure of the appellee to make timely objection thereto in the court below, it is unnecessary to determine whether or not appellant was within his rights in attempting to substitute the new bond.

The motion to dismiss the appeal is denied.

Motion to dismiss appeal denied.