**Mrs. Lydia DARES, Divorced Wife of Paul D. O'Donnell, Plaintiff and Appellee, v. Paul D. O'DONNELL, Defendant and Appellant.**

**No. 14550.**

Court of Appeal of Louisiana. Orleans.

April 24, 1933.

For former opinion, see 147 So. 99.

Legier, McEnerny & Waguespack, of New Orleans, for petitioner.

PER CURIAM.

Appellee moved the dismissal of this appeal, asserting that no suspensive appeal bond was filed and calling attention to certain clerical omissions in the bond, which was filed.

In our original opinion (147 So. 99) we discussed the various contentions presented by appellee and we held that none of the objections urged was sufficient to dismiss the appeal. We further said that, even had any of the technical objections been well founded, we could not have sustained those objections because of the fact that they had not been presented in the court below.

In the application for rehearing appellee now suggests that we were in error in stat-

 

ing that the objections referred to had not been presented in the court below and her counsel advises us in a brief that the reasons presented to us for the dismissal of the appeal had also been urged upon the court below in support of a motion to rescind the order granting the appeal.

Manifestly we could have had no knowledge of the fact that there had been filed in the court below a motion to rescind the order of appeal because that motion was not filed in the district court until the very day on which the transcript of appeal was lodged in this court. But counsel for appellee is in error in supposing that when we overruled the motion to dismiss the appeal we did so primarily because of our belief that objection to the bond had not been made in the court below. An examination of our opinion will show that we considered each of the objections urged and found no merit in any of them, or, at least, no sufficient merit to warrant the dismissal of the appeal.

Had there been raised the question of the sufficiency of the surety that question, being one of fact, would necessarily have been sent back to the district court for consideration. But each of the objections presented only a question of law, for consideration of which there was no necessity that the matter be remanded.

The rehearing requested is denied.

Rehearing denied.