## TATUM v. TOLEDO SCALE CO.
### No. 5815.

Court of Appeal of Louisiana.
Second Circuit.

March 8, 1939.

J. S. Pickett, of Many, for appellant.
R. C. Gamble, of Mansfield, for appellee.

TALIAFERRO, Judge.

The sole question tendered by this appeal is whether the judgment defendant seeks to execute against plaintiff is invalid because of the alleged premature and "irregular" taking of preliminary default.

In the original suit wherein defendant sued plaintiff to recover a money judgment, prior to judgment by default, defendant therein (plaintiff here) filed a motion to require plaintiff to furnish bond for court costs. This motion is predicated upon Act No. 111 of 1926. It does not appear that the costs sought to be made secure by the bond were of that character which the Supreme Court in Whitson v. American Ice Company, 164 La. 283, 113 So. 849, said the Act was intended to cover. Anyway, the motion was sustained and plaintiff ordered to provide a bond for the costs in the sum of $25. The bond was made, filed in open court and approved on May 9, 1938, and at motion hour on that day the judgment by default was entered. After the lapse of all legal delays and upon proof, defendant not having answered, it was confirmed and made final.

The present suit to annul the said judgment was filed on May 25, 1938. The attack is based upon the allegation that the judgment was "obtained without issue having been joined by answer or legal default". Amplifying this general allegation, plaintiff herein avers that defendant herein took said preliminary judgment by default "without furnishing bond as ordered by the court". The bond was furnished in obedience to the court's order, is in regular form, but the name of the surety is omitted therefrom. Also, there is no definite amount expressed in the penal clause for which the surety secondarily bound himself. Because of these two omissions, it is contended that the bond is impotent and invalid and, therefore, its filing and approval did not comply with the court's order; that until said order was complied with by the giving of a bond, valid in point of form and otherwise, a judgment by default could not legally be entered in the case. The bond is signed by the principal. Below its signature appears that of the surety.

While the action to annul was pending, defendant therein caused execution to issue on the embattled judgment. Plaintiff thereupon sought injunctive relief by amendment of his petition in the action to annul. A rule nisi was issued and upon hearing, the prayer for preliminary injunction was denied. Plaintiff was granted a suspensive appeal to this court.

The case was tried below on an agreed statement of facts. It does not appear that the merits of the action to annul were directly passed upon, but in effect they were. The denial of the injunction virtually puts the stamp of judicial approval upon the validity of the judgment involved.

Article 606 of the Code of Practice provides, inter alia, that a judgment may be annulled,—"If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him."

■ While exceptions and other preliminary motions are pending in a case, the entry of a judgment by default would be "irregular" or premature. Until such pending matters are disposed of, a defendant has the right to rely upon this legal guaranty against issue being joined by default.

The record does not reveal that plaintiff was present when the bond was filed in open court. If so, that was the most opportune time to object to the sufficiency of the bond.

■ Plaintiff's counsel virtually concedes lack of merit in his original contention that the cost bond was invalid because the surety's name was not inserted in the body of the instrument. We are sure there is no merit in the contention. Union Bethel A. M. E. Church v. Civil Sheriff, 33 La. Ann. 1461; Coyle v. Succession of Wm. Creevy, 34 La.Ann. 539; Vignie v. Jules Brady et al., 35 La.Ann. 560.

In this last case the court held: "It is not necessary that the principals to an appeal bond should sign it. When it is signed by another, not a party to the suit and not a witness to the signatures, he will be held to have signed it as surety, although his name is not set out in the body of the bond."

■ What is here said in regard to appeal bonds applies with equal force to bonds of the character we are considering.

The cost bond in question, in part, reads:

"The condition of this obligation is such that, whereas, the said defendant has demanded of the said Toledo Scale Company, plaintiff in the above entitled and numbered suit, a bond for such costs as may accrue or be taxed in said case.

"Now, therefore, if the above bounden, Toledo Scale Company, shall well and truly pay all such costs as may accrue or be taxed in said case whenever it shall be lawfully required to do so, then this obligation to be null and void, otherwise to be and remain in full force and virtue and the said surety shall be liable instead."

■ It is clearly reflected from these quoted portions of the bond: (1) that defendant has demanded that plaintiff furnish bond to secure payment of costs; and (2) that if plaintiff did not pay "all such costs as may accrue or be taxed", etc., the surety would be liable therefor. The only limitation upon the surety's responsibility in this respect may be found in the court's order requiring the bond and this order is not referred to nor mentioned in the bond. A question might arise as to the measure of the surety's liability, in view of this state of facts, but we are not now confronted with such. Such a question would be personal to the surety. Certainly he is bound secondarily for the payment of costs to the extent of $25. If no order

of court had been made, the bond would none the less have been perfectly valid. Salmon et al. v. Martin et al., La.App., 164 So. 345.

Plaintiff cites only one case to sustain his position, viz: Canal & C. Sts. Railroad Company v. Succession of John Armstrong, 27 La.Ann. 433. This case is not at all in point. The bond involved therein was not in any sense a judicial bond, but a conventional one. The court held that omission from the bond of a definite amount as the maximum of the measure of the surety's liability thereon was fatal to the validity of that obligation. The court clearly contrasts the character of the obligation of sureties on said bonds in this pronouncement:

"The case of Penniman v. Barrymore, 6 [Mart.] N.S., 494, cited by plaintiff, is not applicable. That was a sequestration bond, where the amount was not properly filled in; it was a judicial bond, and the surety signed in reference to the law fixing the amount and the conditions thereof. It has frequently been held that omissions in filling judicial bonds are supplied by law, but in the case at bar the bond is in no sense judicial; it is an ordinary conventional bond, given by an officer of a corporation for the faithful performance of his duties; and as the surety promised to pay no specific sum, there is no obligation for the court to enforce."

The bond we are discussing is authorized by statute. It is therefore judicial in character. If a judicial bond is defective in material respects, the law authorizing its execution and delivery might be referred to, and as far as necessary, in a proper case, read into it to cure the defects. Miller v. Bonner, 163 La. 332, 111 So. 776.

But we see no material defects in or omissions from the bond before us. It was given for one definite purpose, to-wit, to secure payment of all court costs should the principal default in doing so, in the event it should be cast therefor. The language of the bond leaves no doubt on this score. It was signed with reference to the law under which it was demanded. It is definite as to the amount of the surety's liability. This could not be more than the total costs to accrue and be taxed in the case. When filed, there remained nothing to prevent entry of judgment by default in the case. The lower court so interpreted the situation.

For the reasons herein assigned, the judgment appealed from is hereby affirmed, with costs.