YARRUT, Judge.
Plaintiff has appealed suspensively and devolutively from a judgment dismissing his suit, involving the ownership of a various assortment of movable property, for failure to timely file a bond for costs ordered by the court.
In April, 1959, Plaintiff was ordered to file a new cost bond for $500.00, because the original cost bond furnished by him was exhausted. Plaintiff was served with the new order on May 25, 1959, when his attorney accepted service. On June 2, 1960, a rule to dismiss his suit was filed for failure to file the new bond, and fixed for hearing on June 29, 1960. On the date fixed, a new bond was filed. On July 12, 1960, a new rule was filed for dismissal on the ground that the bond filed on June 29, 1960 was defective without stating the nature of the alleged defect. This rule was fixed for July 19, 1960.
On the trial of this rule the defect complained of by Defendant was made known to Plaintiff for the first time. Plaintiff promptly filed (on that date) a new bond as permitted by LSA-R.S. 13:4573, which reads as follows:
“The right to furnish such new, or such supplemental or additional bond shall be exercised as follows: The party desiring to furnish such new, or such supplemental or additional bond may do so at any time prior to judgment, if the adverse party, or any other party in interest shall cause to be served upon him through the proper officer for service, a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance, or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon. The party who has furnished such bond within four days, exclusive of Sundays, legal holidays and half-holidays, may furnish the new bond, or supplemental *567 bond. If he fails to furnish same, the case shall then proceed without any diminution of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished, whether as to the amount or form thereof, or the solvency of the surety or sureties thereon. Should any bond be declared invalid for any reason whatsoever, the party furnishing such bond may, within four judicial days thereafter, furnish a new bond. Should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond.”
Notwithstanding the new bond was complete in every respect, the court held it was not filed within the original ten days, and dismissed Plaintiff’s suit on July 27, 1960.
The bond filed on June 29, 1960 was a valid bond. The objection by Defendant was levelled at the fact the corporate surety, instead of signing at the top under the paragraph beginning “I am security for costs herein in the sum of Five Hundred ($500.00) Dollars as per order rendered May 13, 1960,” signed under the portion reading "Affidavit of Surety.” Since the surety is a corporate bonding company, it was not required to sign the “Affidavit of Surety.” Hence, it is clear that the intent and legal effect of the signature was to make the bonding company surety for Plaintiff, who had properly signed under the portion provided for “Affidavit of Principal.” Tatum v. Toledo Scale Co., La.App., 187 So. 835.
In view of the validity of the bond filed on June 29, 1960, the other bond filed as a result of the rule for dismissal on July 12, 1960, was a mere duplication, unnecessary, and filed only out of an abundance of caution.
The bond filed on June 29, 1960, and even in default thereof, the bond filed on July 19, 1960, were both filed timely, since filed before judgment of dismissal on July 27, 1960, under LSA-R.S. 13:4573, quoted supra, which was in effect at that time.
For the reasons assigned, the judgment of the district court dismissing Plaintiff’s suit for default in filing the cost bond on time is set aside, and the case remanded to the district court to be proceeded with according to law; costs of this appeal to be paid by Defendant.
Judgment set aside — case remanded.